**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Fengxian Chendian Electronic Commerce Co., Ltd. | ) ) ) | Case No. 25-cv-6479 |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| The Partnerships and Unincorporated Associations Identified On Schedule A, | ) ) ) ) | |
| Defendants. | ) ) | |

## VERIFIED COMPLAINT

Fengxian Chendian Electronic Commerce Co., Ltd. ("Plaintiff"), by and through its attorneys, hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows.

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, internet e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically,

---

[1] URL links of these e-commerce defendant internet stores are listed on Schedule A hereto.

1

Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiff's trademark and copyrighted design to residents of Illinois. Each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3.      This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's trademark and copyrighted materials by reproducing, importing, and subsequently distributing within the United States unlicensed and unauthorized products, namely the Date Night Adventure products ("the Infringing Products"), that infringe on Plaintiff's registered trademark (U.S. Trademark Reg. No. 7,649,725; "the '725 Trademark") and copyright (U.S. Copyright Reg. No. VA0002356112; "the '112 Copyright"). Plaintiff has filed this suit to combat Defendants' infringement of its copyright and exploitation of its registered trademark, as well as to protect unknowing customers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful rights to exclude others from reproducing and distributing its copyrighted materials, as well as through misappropriation of its lawfully registered trademark, and it seeks injunctive and monetary relief.

## JOINDER

4.      Joinder in copyright and trademark cases is governed by Fed. R. Civ. P. 20(a)(2), which allows joinder if (1) "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) if "any question of law or fact common to all defendants will

arise in the action." Fed. R. Civ. P. 20(a)(2). In determining whether claims share a common transaction or occurrence, the court "should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). Where there is substantial evidentiary overlap in the facts giving rise to the cause of action, there is a logical relationship between the causes of action and they are considered to have arisen out of the same transaction or occurrence for the purposes of joinder under Rule 20. *Id.* at 185. However, "the plaintiff at this stage does 'not need to allege facts that definitively establish a link among the defendants; they need only allege facts that plausibly establish such a connection.'" *Zaful Hong Kong Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Ass'ns Identified on Schedule A*, 2025 U.S. Dist. LEXIS 5156, at *5 (N.D. Ill. 2025) (citing *Bug Art v. Schedule A Defs.*, No. 24-cv-07777, Doc. 28 at 5 (N.D. Ill. Oct. 8, 2024)).

5.    The present case is not one where joinder is sought based solely on allegations that each defendant has infringed the same copyright or trademark. Rather, relief is asserted jointly and severally against a swarm of foreign counterfeiters who have taken advantage of the anonymity and mass reach afforded by the internet and the cover afforded by international borders to infringe Plaintiff's rights. Moreover, this swarm is comprised of foreign counterfeiters with online presences bearing striking similarities to one another such that an inference of at least coordination, if not common ownership and management, of their infringing activities may be drawn. These similarities include, but are not limited to, the fact that each of the defendants appears to operate their respective webstores and fulfill orders from within the same region of Zhejiang, China; that each defendant's webstore is largely devoid of identifying characteristics; that each of the

defendants operates a webstore on e-commerce platforms offering a notably limited selection of stock; that many product offerings overlap between the respective defendants; and that these overlapping product listings feature identical product images and descriptions.

6. Moreover, the Infringing Products sold by Defendants are identical in all respects relevant to the Plaintiff's registered copyright and trademark. Schedule A-1 enclosed herewith shows samples of each of the accused products compared to the claimed design of the '112 Copyright (which also displays Plaintiff's '725 Trademark). This shows that Defendants, and the accused products, have been properly joined under Rule 20.

7. Defendants attempt to avoid and mitigate liability by operating under one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation. Defendants' e-commerce stores are reproducing, distributing, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. Plaintiff's claims against the individual Defendants in this suit involve identical misappropriations of Plaintiff's copyright and trademark, and thus necessarily involve shared, overlapping facts and evidence, as well as common questions of fact and law. Further, Defendants' e-commerce stores bear striking similarities to one another, evidencing at least coordination in their infringing activities. These collectively establish a logical relationship between Defendants, such that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences, and discovery will show further relationships among Defendants.

## THE PARTIES AND THE INTELLECTUAL PROPERTY AT ISSUE

8.      Plaintiff Fengxian Chendian Electronic Commerce Co., Ltd. is a Chinese limited liability company. Its principal place of business is at:  E Wangjia St. S Zhaoshang Field, Feng Xuzhou City, China 221700.

9.      Plaintiff has been engaged in the business of designing, producing, and marketing products including, but not limited to, the Date Night Adventure® products that are the subject of the '112 Copyright. Further, Plaintiff has invested substantial time and resources into building the Date Night Adventure® brand embodied in the '725 Trademark. Plaintiff's products can be purchased from e-commerce platforms, such as Amazon.com. Since at least as early as May 5, 2022, Plaintiff, on its own and/or via predecessors, retailers, distributors, resellers, and/or importers, has marketed, advertised, promoted, imported, and/or sold Date Night Adventure® products to consumers in the United States.

10.      Plaintiff's Date Night Adventure® products are loved by customers at least because of: (a) the unique and creative design claimed in the '112 Copyright; and (b) the goodwill associated with Plaintiff's '725 Trademark. Representative images of the Date Night Adventure® product are reproduced below.



11.     The '112 Copyright, entitled *Date Night Adventure with 40 Scratch-Off Dates (in Cards, Book and Album Edition)*, was duly and legally registered on December 11, 2022. Attached as Exhibit 1 is a true and accurate copy of the '112 Copyright registration.

12.     Plaintiff's '112 Copyright extends to the text, artwork, and photographs contained in the deposited work, which are not functional.

13.     Plaintiff is the exclusive assignee of the '112 Copyright and has the sole right to collect damages for past, current, and future infringement.

14.     The trademark "Date Night Adventure" was first used in commerce by Plaintiff or Plaintiff's licensee at least as early as July 5, 2022, has been in consistent use in commerce by Plaintiff or Plaintiff's licensee since that time, and is subject of the '725 Trademark registration, which was duly and legally issued on January 14, 2025. Attached as Exhibit 2 is a true and accurate copy of the '725 Trademark registration.

15.     Consumers associate Plaintiff's '725 Trademark with Plaintiff.

16.     Plaintiff's '725 Trademark is not functional.

17.     Defendants' infringement of Plaintiff's '725 Trademark is likely to cause consumer confusion as to the source of the Infringing Products.

18.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Defendant Internet Stores identified on Schedule A and/or other Defendant Internet Stores not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

19.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Defendant Internet Stores listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

20.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Illinois. Schedule A-2 enclosed herewith includes a screenshot of each Defendant offering to sell the Infringing Products into Illinois.

21.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online marketplaces and user accounts. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Verified Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

22.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores demonstrating a series of interrelated acts of infringement. The Defendant Internet Stores are believed to include notable common

features beyond selling the same Infringing Products, including use of the same or similar advertising look and feel.

23.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

24.     On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in WeChat groups and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

25.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

26.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully reproduced, distributed, offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe upon Plaintiff's copyright and trademark, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping

to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell and sold Infringing Products into the United States, including Illinois.

27.     Defendants' infringement of Plaintiff's copyright and trademark in the reproduction, distribution, offering for sale, sale, and/or import of the Infringing Products has been and continues to be willful.

28.     Defendants' infringement of Plaintiff's trademark and copyright in connection with the reproduction, distribution, offering for sale, sale, and/or import of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT 1

(Infringement of copyright)

29.     Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

30.     Plaintiff owns valid copyright in the text, artwork, and photographs comprising the design of its Date Night Adventure product, as evidenced by U.S. Copyright Reg. No. VA0002356112.

31.     Aspects covered by Plaintiff's '112 Copyright are not functional.

32.     Defendants are working in active concert to knowingly and willfully reproduce, import, distribute, offer for sale, and/or sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

33.     Specifically, Defendants have jointly and severally, knowingly and willfully, reproduced, imported, and distributed within the United States goods subject to Plaintiff's '112 Copyright, without any authorization or license from Plaintiff.

34.     Defendants have infringed Plaintiff's '112 Copyright and will continue to do so unless enjoined by this Court.

35.     Defendants have profited by their infringement of Plaintiff's '112 Copyright, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

36.     Defendants' infringement of Plaintiff's '112 Copyright has caused Plaintiff to suffer irreparable harm.

37.     Plaintiff is entitled to injunctive relief from Defendants' copyright infringement pursuant to 17 U.S.C. § 502.

38.     Plaintiff is entitled to recover, at its election, either actual or statutory damages pursuant to 17 U.S.C. § 504(a).

39.     Because Defendants' infringement upon Plaintiff's '112 Copyright is willful, Plaintiff is entitled to an enhanced statutory damage award of up to $150,000 per infringed work, should it elect an award of statutory damages, pursuant to 17 U.S.C. § 504(c).

40.     Plaintiff is entitled to its costs of the action pursuant to 17 U.S.C. § 505.

41.     Plaintiff is entitled to its reasonable attorney fees pursuant to 17 U.S.C. § 505.

## COUNT 2

### (Infringement of trademark)

42.     Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

43.     Defendants are working in active concert to knowingly and willfully reproduce, import, distribute, offer for sale, and/or sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

44. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, used in commerce a reproduction, counterfeit, copy, and/or a colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, and/or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

45. Specifically, Defendants have used and continue to use the trademark protected by the '725 Trademark registration by using a reproduction, counterfeit, copy, and/or a colorable imitation of said trademark in connection with sales of the Infringing Products in the United States without authorization or license from Plaintiff.

46. Defendants have profited by their misappropriation of the '725 Trademark, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

47. It is virtually impossible to ascertain the precise economic consequences of the damage to Plaintiff's reputation and loss of goodwill caused by Defendants' infringement of Plaintiff's '725 Trademark, though there has been such damage to Plaintiff's reputation and loss of goodwill.

48. Defendants have infringed upon the '725 Trademark and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the misappropriation of its lawful trademark rights. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

49. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits, any damages sustained by Plaintiff, and costs of this action pursuant to 15 U.S.C. § 1117(a).

50. Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1117(b).

51.     Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) producing, distributing, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; (2) aiding, abetting, contributing to, or otherwise assisting anyone in producing, distributing, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

B.      Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

C.      That Plaintiff be awarded, at its election, either its actual damages including Defendant's profits as it shall prove at trial against Defendants, or statutory damages that are adequate to compensate Plaintiff for Defendants' infringement of the '112 Copyright, pursuant to 17 U.S.C. § 504;

D.     That should Plaintiff elect an award of statutory damages, the amount of statutory damages awarded to Plaintiff under 17 U.S.C. § 504 for infringement of the '112 Copyright be enhanced up to $150,000 per work because said infringement was willful, pursuant to 17 U.S.C. § 504(c);

E.     That Plaintiff be awarded its costs and attorney's fees pursuant to 17 U.S.C. § 505;

F.     That Plaintiff be awarded Defendants' profits on the Infringing Products pursuant to 15 U.S.C. § 1117(a);

G.     That Plaintiff be awarded monetary relief adequate to compensate for damages it has sustained as a result of Defendants' infringement pursuant to 15 U.S.C. § 1117(a);

H.     That Plaintiff be awarded the costs of this action pursuant to 15 U.S.C. § 1117(a);

I.     As this is an exceptional case, that Plaintiff be awarded its reasonable attorney fees pursuant to 15 U.S.C. § 1117(a);

J.     That Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117(b);

K.     That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c); and

L.     That this Court award any and all other relief that it deems just and proper.


Dated: June 11, 2025                                    Respectfully Submitted,

                                                        /s/
                                                        Allen Justin Poplin, NDIL 21598
                                                        **AVEK IP, LLC**
                                                        7285 W. 132nd Street, Suite 340
                                                        Overland Park, KS 66213
                                                        Phone: 913-303-3841
                                                        jpoplin@avekip.com
                                                        *Attorney for Plaintiff*

## **VERIFICATION**

I, Yuan Zun, hereby declare and state that:

1.   I am the owner of Fengxian Chendian Electronic Commerce Co., Ltd. ("Plaintiff"). As
     such, I am authorized to make this verification on behalf of Plaintiff.

2.   I have read the forgoing verified complaint, and based on my personal knowledge, the
     factual allegations contained in the forgoing verified complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

Executed on June 10, 2025

Yuan Zun
_____
Yuan Zun